IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LORI J. TAGUMA,

                                                            OPINION AND ORDER

                    Plaintiff,

                                                             13-cv-800-bbc

     v.

LAWRENCE C. KAGIGEBI,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On November 11, 2013, plaintiff Lori J. Taguma filed a proposed complaint, dkt. #1, and she filed supplements to that complaint on December 16 and 20, 2013, dkt. ##4 and 5. She was allowed to proceed in forma pauperis, dkt. #3, so I screened her complaint under 28 U.S.C. § 1915, dkt. #6. I concluded that plaintiff's supplemented complaint failed to state a claim upon which relief may be granted under Fed. R. Civ. P. 8. Plaintiff seemed to be alleging that defendant Lawrence C. Kagigebi battered and harassed her, but she did not explain why this court would have subject matter jurisdiction to hear state law tort claims against this defendant. Furthermore, plaintiff appeared to allege that the police had failed to respond adequately to defendant's attacks and harassment, but she had neither fully stated these claims nor listed any officers as defendants. Thus, I gave plaintiff an opportunity to amend her complaint to address these issues.

      Plaintiff has responded with an amended complaint, dkt. #7, and with a supplement

1

to her amended complaint, dkt. #8, which are ready for screening.

OPINION

Plaintiff's new filings face the same problems as her original complaint.  Plaintiff has still not explained why this court would have jurisdiction over her claims against defendant that he beat her and otherwise harassed her.  Federal district courts may hear only cases involving questions of federal law or cases involving state law claims that are between parties with diverse citizenship, where the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332.  Her claims of physical and emotional abuse arise under state law, not federal law, but plaintiff has not alleged that she and defendant have citizenship in different states or that the amount in controversy exceeds $75,000.  Without such allegations, she cannot proceed on her state law claims in this court.

Next, plaintiff says that members of defendant's gang fabricated a story about her, leading the police to come to her house and arrest her without sufficient reason.  Although these fact suggest that plaintiff may be stating a claim for false arrest, plaintiff has failed to name any officer (or a John Doe officer) as a defendant, so she cannot proceed on a claim on this basis.

Plaintiff also says that the police have refused to help protect her from defendant's abuse.  Specifically, she says that the police have failed to pursue her complaints about defendant's violence, told her to report the incidents to a different police department because one of the officers is related to defendant and failed to take down police reports

about incidents she reported to them. Plaintiff also says that she spoke with a district attorney in Wisconsin who has refused to charge defendant with crimes related to her complaints. However, plaintiff has no legal interest in the enforcement of laws against someone else. Town of Castle Rock, Colorado v. Gonzales, 545 U.S. 748, 768 (2005) ("[R]espondent did not, for purposes of the Due Process Clause, have a property interest in police enforcement of the restraining order against her husband," so she could not sue the police for failing to enforce the restraining order or for failing to arrest her husband); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Thus, plaintiff cannot state a claim against the police or prosecutor for their failures to protect her or enforce the law against defendant.

Finally, plaintiff's supplement to her amended complaint states that she wishes to "appeal" the Equal Employment Opportunity Commission's dismissal of her age discrimination claim. Dkt. #9. Plaintiff does not include any facts about this claim in her amended complaint or supplement, but she did attach a right to sue letter to her original complaint and included facts about age discrimination in one of the supplements to her original complaint. From those allegations, I understand plaintiff to be saying that she was terminated from her job at the tribal office and that younger people who were related to defendant or who were friends of his replaced her and have taken other positions in the tribal office. Plaintiff's current complaint lacks any of these details, which must be included in order for her to state a claim. In addition, plaintiff has not named her employer or

supervisor as a defendant in this case, which would be necessary to state an age discrimination claim.

Because plaintiff has still failed to state a claim upon which relief may be granted in this court, her amended complaint will be dismissed.

ORDER

IT IS ORDERED that plaintiff Lori J. Taguma is DENIED leave to proceed on her complaint, dkt. ##7, 8, and it is DISMISSED for plaintiff's failure to state a claim. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 10th day of March, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4